## UNITED STATES v. HINTON.

United States District Court
S. D. New York.
Jan. 23, 1950.

Sylvan D. Freeman, New York City, for plaintiff.

Lucius C. Butts, New York City, for defendant.

IRVING R. KAUFMAN, District Judge.

Both parties having moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., and at the hearing of these motions counsel for defendant conceded that no issue of fact is involved herein nor is there any question present of the credibility of witnesses, Colby v. Klune et al., 2 Cir., 1949, 178 F.2d 872, and that if his motion is denied, the Government's motion should be granted.

Defendant was a tenant of apartment 1-E in a controlled housing accommodation located in premises 314 West 116th Street,

76

New York City, since March 1944 at which time he paid to his landlord for the unfurnished apartment $40 per month, the legal maximum. On May 3, 1948 the maximum legal rent was increased to $46 per month, and on May 23, 1949 was increased to $14 a week as a furnished apartment. Defendant rented this apartment to one Dorothy Johnson from December 1, 1947 to May 31, 1949 at the weekly rent of $20. Plaintiff alleges that defendant violated the Controlled Housing Rent Regulation for the New York City Defense Rental Area (12 F.R. 4295; 14 F.R. 1574) in that defendant collected rent in excess of the legal maximum.

Defendant's sole defense is that he was a "landlord" within the definition of that term found in the Regulations issued pursuant to the Housing and Rent Act of 1947, 61 Stat. 193, as amended, 50 U.S.C.A.Appendix, § 1881 et seq., which defines a landlord to include "an owner, lessor, sublessor, assignee or other person receiving or entitled to receive rent for the use or occupancy of any housing accommodation * * *"; that he occupied his apartment and rented no part thereof except to his immediate family during the period March 1945 to December 1947; and that, therefore, his apartment was decontrolled and could be rented for any amount, however large, by virtue of Section 1(b) (2) (iii) of the Rent Regulation which provided that "Housing accommodations which for any successive 24-month period during the period February 1, 1945 to March 30, 1948, both dates inclusive, were not rented (other than to the members of the immediate family of the landlord) as housing accommodations", shall be decontrolled.

 The contention of defendant is clearly erroneous. The right to decontrol granted in the above-quoted section applies only to landlords of the premises and not to a tenant who in turn sublets to another subtenant. See *Official Interpretation of the Housing Expediter*, 13 F.R. 5001-5003 (August 27, 1948), especially subsection 4. From this official interpretation it can be seen that only the landlord of an entire house or structure who does not rent either the entire premises or a part thereof for twenty-four months can avail himself of the right to decontrol up to April 1, 1949 at which time under the 1949 Act even such decontrolled accommodations were again recontrolled. This administrative interpretation is of controlling weight unless it is plainly erroneous or inconsistent with the regulation. See Bowles v. Seminole Rock Co., 1945, 325 U.S. 410, 414, 65 S.Ct. 1215, 89 L.Ed. 1700.

Since the defendant in this case was himself a tenant, having rented the apartment from the owner of the entire structure, or building, he does not qualify for decontrol under the Act, regulations or official interpretation. The contention of defendant would lead to the result that practically every apartment dwelling would have been decontrolled under the Housing Act of 1947, which, in the opinion of this Court would be a result directly contrary to that intended by the Act.

Accordingly, motion of defendant denied and motion of the plaintiff granted on the issue of liability. The parties must proceed to trial on the amount of restitution and damages. Settle order on two days' notice.